In the above-stated cause an order of reference was heretofore made sending the case to Vice-Chancellor Backes for trial. As is well known, he sits in Newark. The order of reference was consented to by counsel for the defendant. It was sent to the chancellor without comment, and he filled in the name of the vice-chancellor for reference and hearing. Notice of motion before the vice-chancellor for setting the cause down for hearing has been given by the solicitor of the complainant to the solicitor of the defendants. This has provoked from them a notice of a motion for an order vacating the reference and re-referring the case for trial to a vice-chancellor sitting in Hudson county, which would be Jersey City, on the ground that the premises covered by the mortgages are located in Hudson county, and that all of the parties to the suit, including the complainant, have their places of residence there. The avowed reason for this motion is the recent filing by the present chancellor of an opinion in the case of Scranton Button Company v. NeonliteCorporation 105 N.J. Eq. 708, in which it was held by him that applications to a vice-chancellor under rule 130, subdiv. 5a, must be made to a vice-chancellor of the vicinage, which would have required application in this case to be made to a vice-chancellor sitting in Jersey City, for preliminary relief, if any. But this rule applies only to vice-chancellors, underrule 130, and not to the chancellor. See rule 130, subdiv.5a, for provisions in cases of difficulty, c. However, preliminary applications should be made to a vice-chancellor when practicable.
The provisions of rule 130, subdiv. 5a (afterwards promulgated) are approximated in the note to Dill on Statute andCase Law of Business Companies (Ed. of 1910), p. 89, which accurately states the practice that obtained in the matter of applications to the chancellor and vice-chancellors at that time. The note is as follows: *Page 721 
"The court of chancery is a court of state-wide jurisdiction and all of its orders and decrees are operative throughout the entire state. An application for an injunction or other order can be made to the chancellor or to any one of the vice-chancellors; but the practice has obtained of making all such applications to members of the court who sit in the locality within which the suit arises and before whom the member of the particular local bar generally practices. Thus, for instance, a manufacturing company having its place of business and registered office in Newark becomes insolvent and a member of the bar either of Newark or Jersey City being retained to file a bill against the company for injunction and receiver, he would make the application to one of the two vice-chancellors who habitually sit in Newark, but if both were out of town and neither could be found and the matter was one of urgency, the application could be made to and would be entertained by a vice-chancellor sitting in Jersey City or elsewhere. If a lawyer residing in Trenton should file a bill against a Newark corporation, as well he might and as often happens, he would feel constrained to make the application to a Newark vice-chancellor, and if he made the application before the vice-chancellor in Trenton he would probably be directed to take the bill before a Newark member of the court unless he could give a good reason for presenting it outside of the locality where the suit arose, that is, where the defendant resided; and if the Trenton vice-chancellor should take jurisdiction and make an order to show cause why a receiver should not be appointed he would undoubtedly make it returnable at Newark on one of the court's regular motion days there. Whenever any member of the court takes jurisdiction in any such matter, the court's action is never questioned, and cannot be questioned. While the state is not divided into equity districts the members of the court of chancery are distributed all over the State, that is to say, they reside in different sections of the state and hold court in the localities in which they live. The chancellor and two vice-chancellors live at Morristown; one vice-chancellor in Paterson; one in Jersey City; one in Newark; another at Trenton and still another at Camden. Lawyers living in the rural counties adjacent to any one of these places are at liberty to make applications to the vice-chancellors most accessible to them, and their applications are always entertained. Chancery chambers are maintained in Trenton, Newark, Jersey City, Camden and Atlantic City, where trials are held. The members of the court may be applied to either at those chambers or at their residences."
Now, the constitution in Art. VI, § 4, provides that the court of chancery shall consist of a chancellor. The court, therefore, as stated in the note just quoted, has jurisdiction which is state-wide. And as the court consists of the chancellor he may himself hear any pending cause or matter. As to his power to appoint vice-chancellors and for their powers *Page 722 
and duties, see In re Appointment of Vice-Chancellors, c.,105 N.J. Eq. 759.
As I said in Scranton Button Co. v. Neonlite Corporation, there is no practical difference between a matter being heard in Newark or in Jersey City, as they are only a few miles apart, and a given place, while in Essex county, may be nearer to the chancery chambers in Jersey City than it is to those in Newark; nevertheless, sometimes the rule will work arbitrarily but probably never disadvantageously, as is apparently the case here.
When the order of reference was presented by solicitor of complainant, endorsed with consent by the solicitor of defendants, the latter did not communicate to the chancellor facts which are now brought to the attention of the court in the matter of venue for final hearing; if he had, doubtless, the cause would have been referred to a vice-chancellor in Jersey City. This thing happens all too frequently. Counsel simply send in an order of reference consented to, and when the reference is made, usually in or near the place of residence of complainant's solicitor, upon the assumption that the cause of action is in that locality, then and not before, counsel on the other side communicate a state of facts to the court, which, had they been made known in the first instance, would probably have moved the court to make a reference to another locality.
A reference to a vice-chancellor for final hearing is quite a different thing from a preliminary application to a vice-chancellor. The final hearing is controlled by the chancellor, irrespective of any written rule; and counsel is admonished that after a reference is once made it may only be changed for good and sufficient reasons, and those reasons do not include mere convenience. The matter of venue in such cases is in the sound discretion of the chancellor.
The reference in the pending cause will not be changed and the motion now before the court to change it will be denied. *Page 723